IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MARTIN WOLF, *et al.*, | ) | Civil No. 24-00487 SASP-KJM |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION TO DISMISS |
| vs. | ) | THE COMPLAINT FOR FAILURE |
| | ) | TO PROSECUTE |
| JOHN BRADSHAW, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO
DISMISS THE COMPLAINT FOR FAILURE TO PROSECUTE

On November 8, 2024, pro se Plaintiffs Martin Wolf ("Wolf"), Mike N.

Figueroa ("Figueroa"), Earth Wisdom Tours Sedona ("Earth Wisdom Sedona"),

Earth Wisdom Tours LLC Hawaii ("Earth Wisdom Hawaii"), and All

Guides/Employees ("All Employees") (Figueroa, Earth Wisdom Sedona, Earth

Wisdom Hawaii, and All Employees are collectively referred to herein as the

"Non-Appearing Plaintiffs") filed suit against 25 defendants:  John Bradshaw,

Rainbow Adventures LLC, Paul Smith, Majorie Hunt, Cyrill Chiapas, Sonia

Beisle, Shannon W. Dickson, Magdalena Linda Dickson, Magdalena Dickson

Trust, Hypatia LLC, Patavrm Roman-Norvm LLC, Mason Bradshaw, Pete

Sanders, Christopher Fox Graham, Julie Rowe, Melanie Lawrence, Amy

Timberholt, Chris French, Chief Stephanie Foley/McGill, Det. Bergstadd/

Stephens, Robert Pickel, Scott Jablow, Judge Gomairic, Ed Zelensky, and State of Arizona (collectively, "Defendants").  ECF No. 1.

Since the filing of the Complaint, the Court has been unable to hold the Rule 16 Scheduling Conference for two reasons.  First, the Court has held three status conferences, and the only plaintiff who has appeared at any conference is Wolf. *See* ECF Nos. 33 (January 13, 2025), 38 (February 25, 2025), 45 (March 28, 2025). None of the Non-Appearing Plaintiffs has appeared.  The Court has clearly explained to Wolf at every status conference at which he has appeared that Wolf, as a non-lawyer, may only represent himself, not any other plaintiff.  Second, the Complaint and Summons have not been served on any defendant.

The Court has raised these issues with Wolf on two occasions in which he appeared.  ECF Nos. 33, 38.  On a third occasion, Wolf failed to appear, so the Court could address it no further.  ECF No. 45.

The Non-Appearing Plaintiffs—Figueroa, Earth Wisdom Sedona, Earth Wisdom Hawaii, and All Employees—have demonstrated no intention to prosecute this case.  The Court has held three status conferences, and the Non-Appearing Plaintiffs have not appeared at any.  After appearing at the first two, Wolf failed to appear at the third.

On April 2, 2025, this Court issued an Order to Show Cause, which ordered each plaintiff to show cause in writing why the Complaint should not be dismissed

2

for lack of service ("04/02/2025 OSC").  ECF No. 46.  The Clerk's Office mailed a

copy of the 04/02/2025 OSC to Wolf, which was returned as undeliverable.  *See*

ECF No. 46 (including in the docket entry a Court's Certificate of Service that

states:  "Martin Wolf has been served by First Class Mail to the address of record

listed on the Notice of Electronic Fling (NEF) on April 2, 2025"); ECF No. 49

(copy of the returned mailing).  Wolf and the Non-Appearing Plaintiffs failed to

file written responses to the 04/02/2025 OSC.

## DISCUSSION

A plaintiff must serve a proper summons and complaint on the defendants

for the court to have jurisdiction over the defendants.  *See* Fed. R. Civ. P. 4;

*Travelers Cas. & Sur. Co. of Am. v. Brenneke*, 551 F.3d 1132, 1135 (9th Cir. 2009)

("A federal court is without personal jurisdiction over a defendant unless the

defendant has been served in accordance with Fed. R. Civ. P. 4." (citations

omitted)).  Given the Non-Appearing Plaintiffs' demonstrated lack of intent to do

anything in the nature of prosecuting this case (appearing, serving the Complaint,

or responding to the 04/02/2025 OSC), Wolf's failure to serve Defendants, Wolf's

failure to appear at the required status conference, Wolf's failure to respond to the

04/02/2025 OSC, and Wolf's failure to provide an updated, valid mailing address,

the Court finds and recommends that the district court dismiss the Complaint for

failure to prosecute.

"It is within the inherent power of the court to sua sponte dismiss a case for lack of prosecution." *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984) (citation omitted); *see also Pagano v. OneWest Bank, F.S.B.*, CV. No. 11-00192 DAE-RLP, 2012 WL 74034, at *6 (D. Haw. Jan. 10, 2012) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962) ("The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts.")).  The court must weigh five factors to determine whether to dismiss a case for lack of prosecution or failure to comply with a court order:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the availability of less drastic alternatives; and (5) the public policy favoring the disposition of cases on their merits ("*Pagtalunan* factors"). *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).  For the reasons below, the Court finds that dismissal of the Complaint is appropriate given Plaintiff's failure to prosecute.

First, the public's interest in expeditious resolution of this litigation weighs in favor of dismissal because this case has been pending since November 2024, and the Non-Appearing Plaintiffs have not entered an appearance.  In addition, Wolf has failed to serve any defendant and failed to appear at the most recent

4

status conference on March 28, 2025.  ECF No. 46.  Moreover, mail sent to Wolf's

address of record is being returned as undeliverable.  ECF Nos. 47–49.  Because

Wolf has not provided an updated address, as required by Local Rule 83.1(e)(1),

the Court is unable to transmit case-related documents to Wolf.  *See* LR83.1(e)(1)

(requiring attorneys and self-represented litigants whose contact information

changes to file a notice of such changes "that specifies the effective date of the

change").

Second, the Court's need to manage its docket weighs strongly in favor of

dismissal because Wolf's failure to prosecute this action, or appear for a status

conference, has interfered with the Court's ability to manage its docket.  The same

goes for the Non-Appearing Plaintiffs.  To date, the Non-Appearing Plaintiffs have

not entered an appearance in this case, and Wolf fails to provide sufficient

reasoning as to why he has not yet served Defendants.

Third, the risk of prejudice to Defendants weighs heavily in favor of

dismissal.  Defendants will suffer prejudice if this case continues without Wolf

effecting service.  The Non-Appearing Plaintiff's and Wolf's inaction has impaired

Defendants' ability to proceed to trial and threatens to interfere with the resolution

of this case.  *See Pagtalunan*, 291 F.3d at 642 (citing *Malone v. United States

Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987)).

Fourth, less drastic sanctions are not appropriate.  The Court held two status conferences with Wolf, at both of which the Court reminded Wolf of his obligation to serve Defendants.  The last status conference at which Wolf appeared was on February 25, 2025.  Wolf failed to appear at the subsequent status conference on March 28, 2025, and Wolf has not filed anything with the Court indicating that he is actively pursuing his claims.  The Court thus finds that it would be futile to recommend a lesser sanction because Wolf and the Non-Appearing Plaintiffs have demonstrated that such action would not compel them to take the necessary steps to prosecute this action.

Fifth, the Court acknowledges that public policy favors disposition of cases on their merits.  Thus, this final factor weighs against dismissal.  This Court finds, however, that because four of the factors weigh in favor of dismissal, this final factor is outweighed.  Accordingly, dismissal is appropriate.

Notwithstanding this Court's finding that Wolf and the Non-Appearing Plaintiffs have failed to prosecute this case, the Court finds that these failures do not provide sufficient grounds to support dismissal with prejudice.  The Court finds that four of the five *Pagtalunan* factors weigh in favor of dismissal; however, under these circumstances, these factors do not weigh "strongly" in favor of dismissal.  *Cf. In re Lagmay*, CIV. NO. 15-00166 DKW/RLP, 2015 WL 5970667, at *2 (D. Haw. Oct. 13, 2015), *aff'd sub nom.*, *Lagmay v. Nobriga*, No. 15-17068,

2016 WL 7407294 (9th Cir. Dec. 22, 2016) (concluding that dismissal with prejudice is appropriate when at least three of the *Pagtalunan* factors weighed "strongly" in support of dismissal). Accordingly, although the Court finds that dismissal is appropriate, this Court recommends that the district court's dismissal of the Complaint be without prejudice.

CONCLUSION

Based on the foregoing, the Court FINDS and RECOMMENDS that the district court DISMISS WITHOUT PREJUDICE the Complaint for failure to prosecute.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, May 1, 2025.



Kenneth J. Mansfield
United States Magistrate Judge

*Wolf, et al. v. Bradshaw, et al.*, Civil No. 24-00487 SASP-KJM; Findings and Recommendation to Dismiss the Complaint for Failure to Prosecute